**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DARSHON CRUDUP,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA,<br><br>Defendant. | CIVIL ACTION FILE NO.:<br><br>1:24-cv-4497-JPB-JKL |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

This is an employment discrimination case. The case is before the Court on Defendant City of Atlanta's Motion to Dismiss. [Doc. 20.] For the reasons that follow, it is **RECOMMENDED** that the motion be **GRANTED**.[1]

[1] Two other motions are also pending before the Court. The first is Plaintiff's "Notice of Intent to Retain Counsel and Motion for Prospective Continuance," which seeks a 30-day stay so that he can retain counsel—either Parks, Chesin & Walbert or "The Buckley Law Firm"—and withdraw or amend his prior filings. [Doc. 35.] It does not appear, however, that Plaintiff will be imminently represented by either firm. He has filed an email exchange with an attorney at Parks, Chesin & Walbert in January 2024 who explicitly declined to represent him. [Doc. 41 at 30.] Likewise, Plaintiff has provided no evidence to suggest that he will retain the "Buckley Law Firm." The motion is therefore **DENIED**.

The second is a motion for leave to file "supplemental exhibits to oppose Defendant's Motion to Dismiss" under Federal Rule of Civil Procedure 15(d). [Doc. 37.] Rule 15(d) permits supplementation of a pleading "setting out any

## BACKGROUND

On October 3, 2024, Plaintiff Darshon Crudup filed this action *pro se*. [Doc. 1.] Because he sought leave to proceed *in forma pauperis*, the Court reviewed the complaint and, finding it deficient, ordered him to file an amended complaint. [Doc. 3.] On October 31, 2024, Plaintiff timely filed an amended complaint, which passed frivolity review and is now the operative complaint. [Doc. 4, 6.]

In the amended complaint, Plaintiff alleges that he worked for Defendant from August 1, 2016 to August 26, 2017 at the Chastain Arts Center. [Doc. 4 at 2.] He returned to employment with Defendant in January 2019, where he worked as an office support assistance and then a cultural affairs project coordinator. [*Id.*] He alleges that he resigned from employment in September 2022. [*Id.* at 4.]

Plaintiff asserts that he was subjected to a variety of racial and age-related discriminatory actions during his employment with Defendant in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Fourteenth Amendment to the United

---

transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Plaintiff's motion does no such thing; he is simply trying to place more documents before the Court that he believes are relevant to his opposition to the motion to dismiss. Thus, the motion is **DENIED**. Even so, the Court has considered the extra materials that Plaintiff filed, which will be discussed more fully below.

States Constitution via 42 U.S.C. § 1983. [Doc. 4 at 4-6.] He alleges that his supervisor created a hostile work environment through "exclusionary practices and condescending behavior," which include undermining his work, excluding him from important projects, and provoking him to elicit negative reactions. [*Id.* at 2-3.] He alleges that he complained to human resources and management, but the conduct continued. [*Id.* at 3.] He also contends that he was consistently passed over for promotions and pay increases, while younger and non-Black employees were favored. [*Id.*] He further alleges he faced retaliation for complaining, ultimately leading him to resign in September 2022 due to deteriorating mental health. [*Id.* at 3-5.]

Plaintiff filed a charge of discrimination with the EEOC on July 27, 2022 (around two months before he resigned). [Doc. 4-5 at 2.] On June 5, 2024, the EEOC issued a notice of right to sue. [*Id.* at 4.] As noted, he filed this action on October 3, 2024, well outside the 90-day limitations period for Title VII and ADEA claims, and more than two years after he resigned.

On June 6, 2025, Defendant moved to dismiss the complaint for failure to state a claim upon which relief may be granted on the grounds that Plaintiff's claims are untimely or, alternatively, that Plaintiff failed to allege sufficient facts to support any claims under Title VII, the ADEA, or the Fourteenth Amendment.

[Doc. 20 at 5-24.] Plaintiff has responded to the motion [Doc. 22], and in the meantime, he has filed many other papers with the Court. Defendant did not file a reply, and the time to do so has passed. The motion is thus now ripe for review.

**STANDARD ON MOTION TO DISMISS**

In evaluating a Rule 12(b)(6) motion to dismiss, a court must determine whether a complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While it need not provide "detailed factual allegations," a complaint must provide factual allegations sufficient to plausibly set forth a plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 555. Providing only "labels and conclusions" is insufficient, "and a formulaic recitation of the elements of a cause of action will not do." *Id.* The court need not accept as true legal conclusions couched as factual statements, *Iqbal*, 556 U.S. at 678, and "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief," as required by Rule 8(a)(2). *Id.* at 679 (internal quotation marks, bracket, and citation omitted). Furthermore, if assuming the truth of the plaintiff's factual allegations, there is a dispositive legal issue that precludes relief or a claim is based on a meritless legal

theory, dismissal is warranted. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford Cnty.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

In the case of *pro se* litigants, a complaint is to be "liberally construed" and "must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). But this lenient standard does not shield a *pro se* litigant from complying with minimum requirements of the Federal Rules of Civil Procedure, and a court need not accept as true legal conclusions or unwarranted factual inferences in a *pro se* complaint. *Collins v. Fulton Cnty. Sch. Dist.*, No. 1:12-CV-1299-ODE-JSA, 2012 WL 7802745, at 6 (N.D. Ga. Dec. 26, 2012) (citing *Trawinski v. United Techs.*, 313 F.3d 1295, 1297 (11th Cir. 2002) and *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006)). So while a *pro se* complaint need not contain "detailed factual allegations," it must still "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation omitted).

## DISCUSSION

### A. Plaintiff's Title VII and ADEA Claims Are Time-Barred

Defendant argues that Plaintiff's Title VII and ADEA claims are untimely because he filed his initial complaint on October 3, 2024, more than 90 days after

he received his notice of right to sue from the EEOC. [Doc. 20 at 5.] In response, Plaintiff does not dispute that he filed this action outside the 90-day limitations period, but argues that his Title VII and ADEA claims are timely because the deadline is subject to equitable tolling because he suffers from severe anxiety, major depressive disorder, and PTSD. [Doc. 22 at 2.]

Title VII and the ADEA require that claimants who wish to file a civil action under the statute do so within 90 days of receiving notification from the EEOC of their right to sue. *See* 42 U.S.C. § 2000e-5(f)(1) (under Title VII, "within ninety days after the giving [notice of right to sue] a civil action may be brought against the respondent named in the charge"); 29 U.S.C. § 626(e) (under the ADEA, "a civil action may be brought . . . within 90 days after the date of the receipt of ... notice [of dismissal of the charge]."); *Bost v. Fed. Express Corp*., 372 F.3d 1233, 1242 (11th Cir. 2004) ("Under the ADEA, an employee has 90 days after obtaining a right-to-sue letter to file an action."). "The ninety-day deadline is strict, although it is non-jurisdictional and subject to equitable tolling in extraordinary circumstances." *Guyette v. Charter Commc'ns, Inc.*, 403 F. Supp. 3d 1349, 1361 (N.D. Ga. 2019) (collecting cases). "Once a defendant raises the issue of timeliness, the plaintiff has the burden of demonstrating that the filing was timely." *Id.* (citing *Kerr v. McDonald's Corp*., 427 F.3d 947, 951 (11th Cir. 2005)).

Here, it is unclear when Plaintiff contends the 90-day period began to run. He has not alleged the date on which he received notice of his right to sue, and even in his response brief, he does not identify when the 90-day period started. But the notice of right to sue that he attached to his complaint reflects that the EEOC issued it on June 5, 2024. [*See* Doc. 4-5 at 4.] Applying the rebuttable presumption of three days for receipt by mail, *see Kerr*, 427 F.3d at 953 n.9, the Court assumes that the date of receipt was June 10, 2024 (June 8 and June 9 fell on a weekend), and thus the 90-day period to sue under Title VII and the ADEA expired on September 8, 2024. Because Plaintiff did not file this action until October 3, 2024, those claims are untimely.

The Court is also constrained to find that Plaintiff has not met his burden to show that his mental impairments provide a basis for equitable tolling in this case. The plaintiff "bear[s] the burden of proving equitable tolling, which 'is an extraordinary remedy which should be extended only sparingly.'" *Mesidor v. Waste Mgmt., Inc. of Fla.*, 606 F. App'x 934, 936 (11th Cir. 2015) (quoting *Bost*, 372 F.3d at 1242). "Mental incompetence can be an extraordinary circumstance that warrants equitable tolling if a plaintiff 'establishes a causal connection between his alleged mental incapacity and his ability to file a timely petition.'" *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) (alteration adopted)

(quoting *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005)). Here, Plaintiff does not explain how his diagnoses of anxiety, major depressive disorder, or PTSD prevented him from timely filing this action. What's more, he has filed with the Court a letter dated August 24, 2024 to Charlotte A. Burrows, the then-Chair of the EEOC, seeking "support" for his claims of discrimination and denial of unemployment benefits. [Doc. 41 at 35.] He also acknowledged he had received his notice of right to sue dated June 5, 2024 and that "his time to pursue this matter ends" on September 5, 2024. [Doc. 41 at 35.] Thus, this letter undercuts his conclusory assertion that during the 90-day limitations period his mental condition somehow prevented him from filing suit. Moreover, Plaintiff's conduct throughout the pendency of this litigation shows that he can meet deadlines, which further casts doubt on his assertion that his mental conditions impaired his ability to timely file this suit. He timely filed his amended complaint on October 31, 2024, as instructed by the Court. [Doc. 4.] Similarly, he complied with this Court's order to respond to the pending motion to dismiss. [Doc. 22.] Because Plaintiff has not come close to establishing a causal link between his mental health conditions and his failure to file his complaint within the applicable 90-day limitations period, equitable tolling does not apply here. Thus, his Title VII and ADEA claims are time-barred.

### B. Plaintiff's Fourteenth Amendment Claim

Plaintiff also asserts a claim under the Equal Protection Clause of the Fourteenth Amendment, via 42 U.S.C. § 1983. [Doc. 4 at 5-6.] Constitutional claims brought via § 1983 are subject to the statute of limitations period applicable to personal injury claims in the forum state. *See Chapman v. Dunn*, 129 F.4th 1307, 1315 (11th Cir. 2025) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). In Georgia, that limitations period is two years. *Palmer v. Stewart Cnty. Sch. Dist.*, 178 F. App'x 999, 1003 (11th Cir. 2006); *see also* O.C.G.A. § 9–3–33. Here, even liberally construing Plaintiff's amended complaint, the Court must conclude that more than two years passed since Plaintiff's employment with Defendant ended in September 2022, and by then he was clearly aware of the facts necessary to pursue a cause of action because he had filed an EEOC charge in July 2022 based on the same conduct that underlies his § 1983 claim here. [*Compare* Doc. 4 at 4-5, *with* Doc. 4-5 at 2.] Thus, this claim is also time-barred.[2]

## CONCLUSION

Based on the foregoing reasons, it is **RECOMMENDED** that Defendant's

[2] Because Plaintiff's claims should be dismissed as untimely, the Court need not—and does not—consider Defendant's alternative arguments for dismissal.

motion to dismiss [Doc. 20] be **GRANTED** and that Plaintiff's Title VII, ADEA, and § 1983 claims be **DISMISSED WITH PREJUDICE** because they are time-barred.

It is **ORDERED** that Plaintiff's "Notice of Intent to Retain Counsel and Motion for Prospective Continuance" [Doc. 35] and his "Motion For Leave To File Supplemental Exhibits Under FRCP 15(d)" be **DENIED** [Doc. 37].

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**SO ORDERED AND RECOMMENDED** this 4th day of August, 2025.

JOHN K. LARKINS III
United States Magistrate Judge