UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DARSHON CRUDUP,

Plaintiff,

v.

CITY OF ATLANTA,

Defendant.

CIVIL ACTION NO.
1:24-CV-04497-JPB

**ORDER ADOPTING FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on United States Magistrate Judge John K. Larkins, III's Final Report and Recommendation ("R. & R.") [Doc. 42], and Plaintiff Darshon Crudup's ("Plaintiff") objections to the same [Doc. 48]; [Doc. 49]; [Doc. 60]; [Doc. 61].[1] The Court finds as follows:

**BACKGROUND**

On October 3, 2024, Plaintiff initiated this action *pro se*. [Doc. 1]. Because Plaintiff sought leave to proceed *in forma pauperis*, the Magistrate Judge reviewed

[1] The Local Rules provides that objections to a report and recommendation shall be filed within fourteen days of when the order is served and shall not exceed twenty-five pages in length. LR 72.1(E), NDGa. Plaintiff's numerous filings in this case run afoul of both the time frame and the page constrains for objections. Nevertheless, the Court has considered Plaintiff's filings and the arguments made therein.

his Complaint and, finding it deficient, ordered Plaintiff to file an amended pleading. [Doc. 3]. On October 31, 2024, Plaintiff timely filed his Amended Complaint, which is the operative complaint in this action. [Doc. 4].

In his Amended Complaint, Plaintiff alleges that he worked for Defendant from August 1, 2016, to August 26, 2017, at the Chastain Arts Center. [Doc. 4, p. 2]. Plaintiff then returned to employment with Defendant in January 2019 and eventually resigned in September 2022. Id. at 2, 4. Plaintiff asserts that, during his employment with Defendant, he was subjected to a variety of race-based and age-related discriminatory actions in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA") and the Fourteenth Amendment to the United States Constitution via 42 U.S.C. § 1983. Id. at 4–6. Specifically, Plaintiff alleges that his supervisor created a hostile work environment through "exclusionary practices and condescending behavior," which included undermining Plaintiff's work, excluding him from important projects and provoking him to elicit negative reactions. Id. at 3. Plaintiff asserts that he complained to human resources and management, but the conduct persisted. Id. According to Plaintiff, he was consistently passed over for promotions and pay increases while younger and non-Black employees were favored. Id. Finally, Plaintiff alleges that he faced retaliation for complaining about Defendant's

practices, ultimately leading him to resign in September 2022 due to his deteriorating mental health. Id. at 3.

On July 27, 2022, two months before resigning from his employment with Defendant, Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). [Doc. 4-5, p. 2]. The EEOC responded on June 5, 2024, by issuing a notice of right to sue to Plaintiff. Id. at 4. On October 3, 2024, Plaintiff commenced this action—over ninety days after he received his notice of right to sue and more than two years after he resigned from employment with Defendant. [Doc. 1].

On June 6, 2025, Defendant moved to dismiss Plaintiff's Amended Complaint because it was untimely or, alternatively, because Plaintiff failed to allege sufficient facts to state a claim under Title VII, the ADEA or the Fourteenth Amendment. [Doc. 20]. Plaintiff responded in opposition to the motion, arguing in relevant part that equitable tolling should apply to his Title VII and ADEA claims and that his constitutional claim was not untimely. [Doc. 22]. Defendant filed a timely reply.[2] [Doc. 27].

---

[2] In the R. & R., the Magistrate Judge stated that Defendant did not file a reply. [Doc. 42, p. 4]. However, as Defendant points out, the reply was erroneously linked to another pending motion, making it not immediately clear that the reply was connected to Defendant's Motion to Dismiss. [Doc. 57, pp. 1–2].

On August 4, 2025, the Magistrate Judge entered an R. & R. recommending that Defendant's Motion to Dismiss be granted and that Plaintiff's Title VII, ADEA and constitutional claims be dismissed with prejudice as time-barred. [Doc. 42]. The Magistrate Judge found that Plaintiff's ADEA and Title VII claims were barred by the statute of limitations because Plaintiff filed his Amended Complaint more than ninety days after he received his notice of right to sue from the EEOC and because equitable tolling should not apply. Id. at 6–8 (citing 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e)). The Magistrate Judge further determined that Plaintiff's § 1983 constitutional claim was also time-barred because more than two years had passed between the point when Plaintiff "was clearly aware of the facts necessary to pursue a [§ 1983] cause of action" and the date at which he filed his complaint. Id. at 9.

Plaintiff filed several materials contesting the Magistrate Judge's findings and conclusions. See [Doc. 48]; [Doc. 49]; [Doc. 60]; [Doc. 61].[3] The Court will construe these documents, taken together, as Plaintiff's objections to the R. & R. In his objections, Plaintiff disagrees that his claims are time-barred, arguing instead

[3] Indeed, Plaintiff has filed numerous documents since the Magistrate Judge's R. & R. See, e.g., [Doc. 44]; [Doc. 45]; [Doc. 46]; [Doc. 47]; [Doc. 50]; [Doc. 51]; [Doc. 52]; [Doc. 53]; [Doc. 54]; [Doc. 58]; [Doc. 59]. The Court has reviewed these filings and considered them to the extent they are relevant to Plaintiff's objections.

that equitable tolling should apply to render his claims timely. The R. & R. and Plaintiff's objections are ripe for review.

## LEGAL STANDARD

### I. Review of a Report and Recommendation

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the report and recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). Placing this burden on the objecting party "facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009).

### II. Motion to Dismiss

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable

to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). In determining whether this action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Furthermore, dismissal is warranted if—assuming the truth of the plaintiff's factual allegations—there is a dispositive legal issue that precludes relief or a claim is based on a meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

While a *pro se* pleading is to be liberally construed, there are limits to the Court's flexibility, as it does not have the "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation modified), cert. denied, 574 U.S. 1047 (2014). At a minimum, a *pro se* pleading

"must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

**ANALYSIS**

In the R. & R., the Magistrate Judge recommends that Plaintiff's Title VII, ADEA and § 1983 claims be dismissed as untimely. [Doc. 42]. Plaintiff objects to this recommendation and argues that he is entitled to equitable tolling because he received inadequate notice of his right to sue and because he suffered from a disability during the filing period that rendered him unable to timely file suit. [Doc. 49].

The statute of limitations for Title VII and ADEA claims runs ninety days from when a potential plaintiff receives notice from the EEOC that his charge has been dismissed and that he has a right to sue. 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e) (ADEA). Meanwhile, the statute of limitations for § 1983 claims depends on state law. Palmer v. Stewart Cnty. Sch. Dist., 178 F. App'x 999, 1003 (11th Cir. 2006). In Georgia, the statute of limitations for § 1983 claims is two years. Id. The clock begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably

prudent regard for his rights." Van Poyck v. McCollum, 646 F.3d 865, 867 (11th Cir. 2011) (quoting McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008)).

The Magistrate Judge found that all of Plaintiff's claims were filed outside their respective statutes of limitations and, as such, are time-barred. Plaintiff does not appear to object to this determination. After conducting its own analysis of the relevant allegations, the Court adopts this finding under the clearly erroneous standard.[4] 28 U.S.C. § 636(b)(1). However, Plaintiff does object to the Magistrate Judge's second finding—that equitable tolling does not apply to render his claims timely—and the Court will therefore review this determination under the *de novo* standard. Id.

**I. Equitable Tolling**

When a plaintiff files a complaint past the statute of limitations period, a court may, under the doctrine of equitable tolling, excuse the delay and toll the period, thereby recognizing the complaint as timely. Justice v. United States, 6

[4] The latest date when Plaintiff could have become aware of the facts supporting his § 1983 cause of action is September 2022, when he resigned from his employment with Defendant, [Doc. 4, p. 4], and this action was filed in October 2024, [Doc. 1], past the two-year deadline. There is more controversy surrounding when the limitations period began for Plaintiff's Title VII and ADEA claims, but the court finds the Magistrate Judge did not err in concluding, under a liberal calculation, that it ran from June 10, 2024, to September 8, 2024. [Doc. 42, p. 7]. The Court will address Plaintiff's argument below concerning notice of his right to sue.

F.3d 1474, 1479 (11th Cir. 1993). Equitable tolling "is a remedy that must be used sparingly" and only "in extreme cases where failure to invoke the principles of equity would lead to unacceptably unjust outcomes." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008). This remedy is appropriate "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Henderson v. Reid, 371 F. App'x 51, 53–54 (11th Cir. 2010) (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Equitable tolling is inappropriate "when the plaintiff does not file [his] action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running." Justice, 6 F.3d at 1479.

The plaintiff "bear[s] the burden of proving equitable tolling," Mesidor v. Waste Mgmt., Inc. of Fla., 606 F. App'x 934, 936 (11th Cir. 2015), and the *pro se* status of a litigant does not diminish this burden. Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984). A court must dismiss an action filed outside of the statute of limitations period when the complaint "fail[s] to plausibly allege any facts showing that [the plaintiff] is entitled to equitable tolling." Henderson, 371 F. App'x at 54.

"The general test for equitable tolling requires the party seeking tolling to prove '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way and prevented timely filing.'" Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016) (quoting Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 255 (2016)). "Mental incompetence can be an extraordinary circumstance that warrants equitable tolling if a plaintiff establishes a causal connection between his alleged mental incapacity and his ability to file a timely petition." Stamper v. Duval Cnty. Sch. Bd., 863 F.3d 1336, 1342 (11th Cir. 2017) (citation modified).

As a preliminary matter, the Court notes that Plaintiff's equitable tolling argument fails on the basis that Plaintiff did not allege equitable tolling in his Amended Complaint, and consequently waived the argument. Huls v. Llabona, 437 F. App'x 830, 832 n.5 (11th Cir. 2011); Alderman v. Donald, No. 07-CV-1474, 2008 WL 11456127, at *7 (N.D. Ga. May 2, 2008) (determining that the plaintiff "waived any equitable tolling defense by failing to plead it in his [c]omplaint"), aff'd, 293 F. App'x 693 (11th Cir. 2008), cert. denied, 554 U.S. 943 (2008). Nevertheless, the Magistrate Judge considered Plaintiff's arguments concerning equitable tolling in addition to the supplemental materials Plaintiff filed in support of the same. [Doc. 42, pp.1–2 n.1, 8].

Plaintiff argues that his "diagnosed conditions—severe anxiety, major depressive disorder, and [Post-Traumatic Stress Disorder ("PTSD")] . . . —justify

[equitable] tolling" of his Title VII claim. [Doc. 22, p. 2]. Plaintiff filed various supporting documents before the Magistrate Judge. See, e.g., [Doc. 41]. One such document was a letter dated August 24, 2024, that Plaintiff sent to the chair of the EEOC "in the hope of finding support" for his Title VII and ADEA claims. Id. at 35. In the letter, Plaintiff wrote that his efforts "to secure legal representation as advised in [his] Right to Sue Notice dated June 5, 2024" were unsuccessful. Id. He stated that his "time to pursue this matter [would] end on [September 5, 2024]" and that he was "out of options and [did] not know what to do." Id. Plaintiff also proffered correspondence spanning from January 2022 to January 2024 that exhibits his efforts to obtain legal representation from several law firms. Id. at 16–33. Further, Plaintiff submitted a letter dated April 20, 2023, stating that his "[Veterans Affairs] Provider ha[d] ordered . . . for an appointment to be scheduled for the Neuromodulation Clinic." Id. at 42. Finally, Plaintiff provided a document from the Department of Veterans Affairs ("VA") stating that April 10, 2018, was the date when Plaintiff "became totally and permanently disabled due to [his] service-connected disabilities." Id. at 44.

After reviewing the record, the Magistrate Judge determined that equitable tolling did not apply to Plaintiff's circumstances because Plaintiff had "not come close to establishing a causal link between his mental health conditions and his

failure to file his complaint within the limitations period." [Doc. 42, p. 8]. Plaintiff now raises two primary arguments in favor of applying equitable tolling. First, Plaintiff contends that he is entitled to equitable tolling because he received inadequate notice of his right to sue due to the EEOC sending his notice letter to an old address. Second, Plaintiff asserts that he suffers from mental incapacitation that prevented him from timely filing suit.

**A. Inadequate Notice of Right to Sue**

Plaintiff argues that the Magistrate Judge erred by refusing to apply equitable tolling because Plaintiff was not given adequate notice of his deadline to pursue his Title VII and ADEA claims. [Doc. 49]. Specifically, Plaintiff contends that he could not timely file suit because the EEOC sent his notice of right to sue to the wrong home address. [Doc. 48, p. 3]; [Doc. 48-4, p. 2]; [Doc. 49, p. 2]. At the outset, the Court finds that this is the first time Plaintiff has argued that he was not given adequate notice of his ninety-day deadline to sue. Because this argument was not presented to the Magistrate Judge, the Court may dismiss it as waived. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009).

Even if Plaintiff's argument was not waived, it still fails. Several documents that Plaintiff submitted for the Court's review belie his assertion that he did not

receive timely notice.[5] First, Plaintiff proffered an email dated June 5, 2024, from Paul Chung of the EEOC, informing Plaintiff that the EEOC was concluding its investigation into Plaintiff's claims of discrimination. [Doc. 61, p. 5]. That email also advised Plaintiff that he would receive a dismissal notice describing his right to file suit within a ninety-day deadline. Id. Plaintiff does not deny that he received this email on June 5, 2024, providing him with notice of the ninety-day deadline well before it lapsed.

Second, Defendant submitted additional email correspondence with Paul Chung. In that email exchange, Chung wrote that "[EEOC] records indicate that [Plaintiff] accessed and downloaded the Notice of Right to Sue letter on [the] EEOC portal on June 5, 2024." [Doc. 27, p. 10]. Plaintiff does not argue the email is inauthentic or dispute the veracity of its contents—further supporting the conclusion that Plaintiff received notice of his right to sue and the ninety-day deadline on or about June 5, 2024.

---

[5] Although none of the following documents are found within the four corners of Plaintiff's Amended Complaint, the Court may consider them because each document is "(1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." Johnson v. City of Atlanta, 107 F.4th 1292, 1300 (11th Cir. 2024) (quoting Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)); see, e.g., Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (determining that the district court properly considered a right to sue letter attached to a motion to dismiss because it was central to plaintiff's complaint).

Further, although Plaintiff claims that he "never received the notice [of right to sue]," [Doc. 48-4, p. 2], Plaintiff himself attached a copy of the notice in this very lawsuit and acknowledged its existence in correspondence, [Doc. 41, p. 35]; [Doc. 48-1]. Moreover, in Plaintiff's proffered letter dated August 24, 2024, he stated that he was "advised in [his] Right to Sue Notice dated June 5, 2024" to secure representation and that his "time to pursue this matter ends on [September 5, 2024]." [Doc. 42, p. 35]. The sole piece of evidence supporting Plaintiff's argument is that the notice is addressed to a home that he vacated in September of 2023. [Doc. 48-4, pp. 10, 12].

After reviewing the record, the Court finds that Plaintiff was put on notice of his ninety-day deadline to sue, at the latest, by June 10, 2024.[6] This is true regardless of whether Plaintiff received his notice of right to sue in the mail. E.g., Kerr v. McDonald's Corp., 427 F.3d 947, 954 (11th Cir. 2005) ("[A]ctual knowledge . . . that the EEOC has terminated its investigation . . . may be sufficient to cause the time for filing to begin running within a reasonable time after written

[6] As the Magistrate Judge noted, the EEOC issued Plaintiff's notice of right to sue on June 5, 2024. [Doc. 42, p. 7]. There is a rebuttable presumption of three days for receipt by mail. Kerr v. McDonald's Corp., 427 F.3d 947, 954 (11th Cir. 2005). Because June 8 and June 9 fell on a weekend, the Magistrate Judge determined that the latest day of receipt was June 10. [Doc. 42, p. 7]. However, evidence in the record suggests that Plaintiff received an electronic notice sooner than this date. See [Doc. 27, p. 10] (stating that Plaintiff downloaded his notice of right to sue letter on June 5, 2024).

notice of complainant's right to sue has been mailed . . . ."); Harbuck v. Kelley Foods of Ala., No. 98CV490, 2006 WL 827109, at *1 (M.D. Ala. Mar. 29, 2006) (determining that a plaintiff was on notice that his ninety-day period for filing suit began, even though he had not received the actual notice of right to sue, in part because he received a letter informing him that his EEOC case was dismissed); Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir. 2000) (ninety-day countdown starts "after a complainant has adequate notice that the EEOC has dismissed the Charge"); Johnson v. Healthy Reasons Inc., No. 22-CV-03068, 2024 WL 3914836, at *5 (N.D. Ga. Feb. 15, 2024) (dismissing a plaintiff's Title VII claims as time-barred because the plaintiff "was notified of his right-to-sue via electronic communication"), R. & R. adopted by, 2024 WL 3914833 (N.D. Ga. June 17, 2024). Therefore, Plaintiff has not plausibly alleged that he is entitled to equitable tolling on grounds that he received inadequate notice of his right to sue. Accordingly, Plaintiff's objection to the R. & R. based on inadequate notice is **OVERRULED**.

### B. Mental Incapacitation

Plaintiff also objects to the Magistrate Judge's conclusion that he is not entitled to equitable tolling on the basis of mental incapacitation. [Doc. 49].

Plaintiff argues the Magistrate Judge misconstrued the evidence and failed to recognize the episodic nature of his disability. Id.

As previously noted, "mental incompetence can be an extraordinary circumstance that warrants equitable tolling if a plaintiff establishes a causal connection between his alleged mental incapacity and his ability to file a timely petition." Stamper, 863 F.3d at 1342 (citation modified). "Generally, equitable tolling based on a petitioner's mental condition is available only in cases of 'profound mental incapacity.'" Hicks v. Terry, No. 07-CV-1112, 2008 WL 513392, at *3 (N.D. Ga. Feb. 21, 2008) (quoting United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004)). Moreover, the "mere assertion that a plaintiff has suffered from a mental impairment is insufficient to justify equitable tolling." Harris v. United States, 627 F. App'x 877, 880 (11th Cir. 2015). Rather, a plaintiff must plead facts sufficient for the Court to infer that his mental incapacity prevented him from timely filing suit. Stamper, 863 F.3d at 1342 (affirming dismissal where the court could not "infer from [the] record that [the plaintiff's] medical condition prevented her from filing suit").

As already discussed, Plaintiff offered multiple pieces of evidence to the Magistrate Judge in support of his mental incapacity argument. This evidence includes the April 20, 2023 letter describing "an appointment to be scheduled for

the Neuromodulation Clinic," [Doc. 41, p. 42]; the VA letter describing Plaintiff's total, permanent disability beginning on April 10, 2018, id. at 44; documentation of Plaintiff's efforts to obtain counsel from January 2022 to January 2024, id. at 16–33; and the letter Plaintiff sent "in the hope of finding support" for his Title VII and ADEA claims wherein he stated that "he [was] out of options and [did] not know what to do," id. at 35.

Plaintiff also brings new documents before this Court. Plaintiff proffers two letters from a psychiatrist with the VA stating that Plaintiff has a "service-connected, combat-related post-traumatic stress disorder" and "has ongoing challenges with symptoms including (but not limited to) anxiety, depression, difficulty with concentration, heightened emotional distress, and fatigue." [Doc. 48-1, pp. 2–3]. The letters are dated May 21, 2025, and June 20, 2025. Id. Plaintiff also points to an alleged encounter with an FBI agent occurring on or before November 17, 2023, [Doc. 61, p. 2]; [Doc. 41, p. 36], as well as Defendant's alleged "retaliation" against Plaintiff through the filing of fraudulent wage reports on or before December 29, 2023, [Doc. 48-2, pp. 2–3]; [Doc. 60, p. 2], as events that exacerbated his mental condition.

"The only period of time relevant to our equitable tolling analysis is . . . while the statute of limitations clock was still running and there was time left to be

tolled." Peterson v. Sec'y, Fla. Dep't of Corr., 631 F. App's 664, 666 (11th Cir. 2015). Thus, the Court does consider Plaintiff's allegations of incapacity beyond the limitations period from June 5, 2024, to September 8, 2024. See, e.g., Moore v. Frazier, 605 F. App'x 863, 866–67 (11th Cir. 2015) (circumstances occurring before the limitations began to run could not justify equitable tolling); Michaud v. Crosby, No. 03-CV-2657, 2006 WL 845162, at *1–2 (M.D. Fla. Mar. 30, 2006) (finding the evidence offered was irrelevant because it did not address the plaintiff's mental incapacity during the limitations period); Bridgeman v. Sec'y, Dep't of Corr., No. 13-CV-753, 2014 WL 3385043, at *3 (M.D. Fla. July 9, 2014) ("Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights *during the limitations period*." (quoting Price v. Lewis, 119 F. App'x 725, 726 (6th Cir. 2005) (emphasis added))).

Thus, the following documents Plaintiff submits are irrelevant to the Court's analysis: the 2025 VA letters,[7] the April 2023 letter, the documented efforts to obtain counsel from January 2022 to January 2024, the 2023 FBI confrontation and the 2023 "retaliation." The remaining, relevant evidence before the Court is

[7] Moreover, the 2025 VA letters merely advise that Plaintiff requires "additional time to complete his school assignments and/or other accommodations." [Doc. 48-1, p. 2]. This fails to establish that Plaintiff suffered from "profound mental incapacity" such that he could not file suit during the statute of limitations period or that he needed more than the allotted ninety days to do so. Hicks, 2008 WL 513392, at *3.

Plaintiff's VA document stating that that he is "totally and permanently disabled due to [his] service-connected disabilities" as of April 10, 2018, [Doc. 41, p. 44], and Plaintiff's letter dated August 24, 2024, seeking help with his Title VII and ADEA claims. Id. at 35.

The fact that the VA deemed Plaintiff "totally and permanently disabled" does not itself establish that Plaintiff suffered from "profound mental incapacity" from June 5 to September 8, 2023, or that this incapacity prevented him from timely filing suit. See Lawrence v. Florida, 421 F.3d 1221, 1226–27 (11th Cir. 2005) (finding a petitioner's claim that he suffered from mental impairments his entire life was insufficient to justify equitable tolling); Fox v. McNeil, 373 F. App'x 32, 34 (11th Cir. 2010) (determining "an allegation of mental incompetence, without a showing of a causal connection between the incompetence and the failure to file a timely application, did not justify equitable tolling").

Considering also the August 24, 2024 letter, although the Court's does not adopt the Magistrate Judge's finding that the document *undermines* Plaintiff's argument, it nevertheless finds that the letter insufficiently alleges that Plaintiff was so incapacitated that he could not timely file this action. [Doc. 41, p. 35]. In sum, the letter fails to permit a plausible inference that Plaintiff was suffering from

a "profound mental incapacity" such that he was unable to file suit within the limitations period. Hicks, 2008 WL 513392, at *3.

Moreover, Plaintiff has shown himself to be a competent *pro* se litigant throughout this litigation. He has time and time again demonstrated his ability to adhere to court deadlines despite being totally and permanently disabled. See Fox, 373 F. App'x at 34 (denying a petitioner's request to apply equitable tolling and considering, among other things, that the petitioner "was able to file several *pro se* motions in state court for post-conviction relief"). Also, although he notes the "episodic nature" of PTSD, [Doc. 48, p. 5], Plaintiff does not allege that he suffered a PTSD or major depressive episode during the period from June 5 to September 8, 2023.

Thus, Plaintiff has failed to plausibly allege that he suffered from "profound mental incapacity" during the period from June 10, 2024 to September 8, 2024, and the Court cannot infer from the record that his mental health conditions prevented him from filing suit during that period. Plaintiff has therefore failed to establish that he is entitled to equitable tolling. Thus, his Title VII and ADEA

claims are time-barred, and Plaintiff's objection based on mental capacity is **OVERRULED**.[8]

## CONCLUSION

After reviewing the entirety of the Magistrate Judge's R. & R. and considering Plaintiff's objections, Plaintiff's objections to the R. & R. are **OVERRULED** and the Final R. & R. [Doc. 42] is **ADOPTED** as the order of this Court. For the reasons stated by the Magistrate Judge and the reasons discussed herein, Plaintiff's Amended Complaint is hereby **DISMISSED WITH PREJUDICE** and Defendant's Motion to Dismiss [Doc. 20] is hereby

[8] The Magistrate Judge only considered whether Defendant was entitled to equitable tolling for his Title VII and ADEA claims. [Doc. 42]. This is likely because Plaintiff did not make an equitable tolling argument concerning his constitutional claims in his Response in Opposition to Defendant's Motion to Dismiss. [Doc. 22, p. 2] (arguing equitable tolling only for the Title VII claim). In his objections to the Magistrate Judge's R. & R., Plaintiff makes a general argument that he is entitled to equitable tolling without specifying the claims to which equitable tolling should apply. E.g., [Doc. 48]; [Doc. 49]; [Doc. 60]; [Doc. 61]. To the extent Plaintiff argues in his objections that equitable tolling should apply to his constitutional claims, this argument is waived. Williams, 557 F.3d at 1292 (11th Cir. 2009). Even if not waived, the argument fails for the same reasons Plaintiff's argument regarding his Title VII and ADEA claims fails. Plaintiff's proffered statements from VA physicians concerning his mental condition fall outside the two-year statute of limitations for his § 1983 claim (which spanned from September 2022 to September 2024) and are therefore inapplicable for equitable tolling purposes. See [Doc. 48-4, pp. 24–25] (VA physician letters dated May and June 2025). Thus, the Court cannot conclude that Plaintiff's mental incapacity prevented him from timely filing suit under § 1983.

**GRANTED**.[9] All other pending motions are **DENIED** as moot.[10] The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 24th day of October, 2025.

**J. P. BOULEE**
United States District Judge

[9] Plaintiff incorporates several legal citations into his R. & R. objections. [Doc. 49, pp. 2–3]; [Doc. 60, pp. 1–2]. After an exhaustive database search, the Court was unable to locate at least four of Plaintiff's cited cases. As such, the Court concludes that the hard-to-find cases in Plaintiff's submissions likely do not exist. Fabricating case law for the Court's consideration "is serious misconduct that demands a serious sanction." Johnson v. Dunn, No. 21-CV-1701, 2025 WL 2086116, at *1 (N.D. Ala. July 23, 2025); Nichols v. Walmart, Inc., No. CV 124-236, 2025 WL 1178592, at *2 (S.D. Ga. Apr. 23, 2025) (finding dismissal of the action a proper sanction for a *pro se* plaintiff's reliance on fictitious case law). However, the issue of whether to apply sanctions to Plaintiff's conduct is moot because his complaint is hereby dismissed.

[10] Specifically, the following motions are denied as moot: Conditional Motion for Leave to Amend Complaint [Doc. 45]; Motion for Judicial Notice [Doc. 47]; Motion for Reconsideration [Doc. 48]; Second Motion for Judicial Notice [Doc. 50]; Emergency Motion to Lift Stay and Vacate Dismissal [Doc. 51]; Motion for Reasonable Accommodations [Doc. 55]; Motion to Compel [Doc. 56]; Motion for Clarification [Doc. 57]; and Motion to Clarify the Record [Doc. 61].